# In the United States Bankruptcy Court for the Southern District of Georgia
## Savannah Division

FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By Carrie Ramirez at 9:05 am, Feb 27, 2008

In the matter of: )
) Chapter 7 Case
JOSEPH ALEXANDER POWERS, JR. )
) Number 07-40865
*Debtor* )

## MEMORANDUM AND ORDER ON MOTION FOR EXEMPTION FROM FINANCIAL MANAGEMENT COURSE

### FINDINGS OF FACT

Debtor's father seeks to have Debtor exempted from having to complete a Financial Management Course. Debtor was admitted to Georgia Regional Hospital at Savannah on March 1, 2007. On March 15, 2007, he was committed by the Probate Court of Chatham County for up to six months of involuntary inpatient treatment. As a result of his refusal to take oral medications, an extension was granted by the State of Georgia Office of State Administrative Hearings for Debtor to remain in the hospital up to September 15, 2008. Correspondence, Dckt. No. 39, pg. 1 (February 12, 2008).

On April 17, 2007, the Probate Court of Chatham County granted Debtor's father a guardianship and conservatorship of adult ward over Debtor. Motion for Exemption from Financial Management Course, Dckt. No. 32, pg. 2 (November 15, 2007). On June 11, 2007, Debtor's father filed for a voluntary Chapter 7 on behalf of Debtor.

AO 72A
(Rev. 8/82)

On November 15, 2007, Debtor filed for a Motion for Exemption from Financial Management because "[u]nfortunately there is no safe way, at this time, that [Debtor] can be permitted to leave the Hospital to take the Instructional Course Concerning Personal Financial Management." Id., pg. 1. Debtor's current psychiatrist agrees stating "[d]ue to his current mental status I do not feel that [Debtor] would be able to attend courses related to his Bankruptcy Claim at this time." Correspondence, Dckt. No. 39, pg. 1.

## CONCLUSIONS OF LAW

BAPCPA requires an individual debtor to complete an instructional course concerning personal financial management after filing the Petition in order to obtain a discharge in a Chapter 7 case. 11 U.S.C. §727(a)(11) states "(a) The court shall grant the debtor a discharge, unless - (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management..., except that this paragraph shall not apply with respect to a debtor who is a person described in section 109(h)(4)..."

Debtors who meet the description contained in 11 U.S.C. §109(h)(4) are excepted from the requirements of Section 727(a)(11). Section 109(h)(4) states:

> [t]he requirements of [completing a financial management course] shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability . . . For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable

AO 72A
(Rev. 8/82)

2

of realizing and making rational decisions with respect to his financial responsibilities; and 'disability' means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing . . .

11 U.S.C. §109(h)(4).

"'The purpose of the exemption is to avoid 'the absurd situation in which a debtor would be required to obtain a briefing even if suffering from Alzheimer's disease or some other disability that would make the briefing meaningless or even impossible.'" In re Trembulak, 362 B.R. 205, 206 (Bankr.D.N.J. 2007)(*quoting* In re Hall, 347 B.R. 532, 534 (Bankr.N.D.W.Va. 2006)).

This Court finds that Debtor is "disabled" and "incapacitated" within the meaning ascribed in Section 109(h)(4) and that he is entitled to a waiver of the obligation to obtain a certificate showing completion of a course in personal financial management. Debtor is currently in an involuntary impatient treatment facility for schizophrenia and AIDS, and his psychiatrist states that his mental status prevents him from attending any financial management course. For this reason, this Court finds that Debtor has no way to comply with Section 727(a)(11). Therefore, this Court grants Debtor's Motion for Exemption from Financial Management Course.

## ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS

THE ORDER OF THIS COURT that the Debtor's Motion for Exemption from Financial Management Court is GRANTED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 26th day of February, 2008.